**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 07-01122-CJC(MANx)                    Date:  May 12, 2008

Title: <u>ALESSANDRO G. ASSANTI v. OLEG ULIYANCHENCKO et al.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                             <u>    N/A    </u>
Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION.**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3); *see Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").  Here, the complaint contains no allegation that explicitly asserts a basis for the Court's subject-matter jurisdiction.  It includes one cause of action for breach of contract and one cause of action for fraud and intentional deceit.  The complaint contains no cause of action arising under, or that contains any reference to, a federal statute or the Constitution.  Accordingly, the complaint may reasonably be interpreted to invoke the Court's jurisdiction based on diversity, 28 U.S.C. § 1332.  However, in order to invoke § 1332, the amount in controversy must exceed $75,000.  § 1332; *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  The amount in controversy is determined by aggregating the amount of the plaintiff's damages.  *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977).  Accrued or accruing interest or the costs of suit may not be included in the amount in controversy.  *See* Schwarzer, et al., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL ("Rutter Group"), § 2:446, at 2C-82 (2007) (*citing Principal Mut. Life Ins. Co. v. Juntunen*, 838 F.2d 942, 943 (7th Cir. 1988)).  Similarly, attorneys' fees may not be aggregated to satisfy the amount in controversy requirement when there is no direct legal authority,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 07-01122-CJC(MANx)                      Date: May 12, 2008
                                                                                                                  Page 2

---

statutory or contractual, for the fee award. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).

      As alleged in the complaint, Plaintiffs entered into two verbal contracts to loan the sums of $25,000 and $70,000 respectively to Defendant Oleg Uliyanchencko. (Complaint ¶¶ 11, 13.) Mr. Uliyanchencko repaid $24,982.50 to Plaintiffs. (*Id.* at ¶ 15.) Thus, Plaintiffs are owed $70,017.50 under the alleged contracts. Plaintiffs do not allege that the contract called for Defendants to repay any addition monies beyond the principal amount of the loan. Plaintiffs' prayer for pre- and post-judgment interest and costs of suit cannot be aggregated to meet the amount in controversy. *See* Rutter Group, § 2:446, at 2C-82; (*citing Principal Mut. Life Ins. Co.*, 838 F.2d at 943). And finally, Plaintiffs do not allege the oral contract contained an agreement related to attorneys' fees. The Court finds no other allegations from which it may infer additional damages to meet the statutory minimum. Therefore, based on the allegations of the complaint, the amount in controversy does not meet the jurisdictional requirement of $75,000. *See* § 1332.

      Accordingly, Plaintiffs are hereby ordered to show cause on Monday, June 16, 2008 at 1:30 p.m. why the Court should not dismiss their complaint for lack of subject-matter jurisdiction. Plaintiffs are directed to file and serve an opposition to the Court's order to show cause by Monday, June 2, 2008. Defendants may file a response, if any, by Monday, June 9, 2008.

      Defendant Melinda Foundation's motion to dismiss for lack of personal jurisdiction, currently on calendar for Monday, May 19, 2008, is hereby continued to Monday, June 16, 2008 at 1:30 p.m.

sdt

MINUTES FORM 11
CIVIL-GEN                                                                                          Initials of Deputy Clerk MU